422 P.2d 201

**WALKER BANK & TRUST COMPANY, Executor of the Estate of Herbert E. Sargeant, Deceased, Plaintiff,**

v.

**The STATE TAX COMMISSION of Utah, Defendant.**

No. 10629.

Supreme Court of Utah.

Jan. 5, 1967.

Owen & Ward, Glen M. Richman, Salt Lake City, for plaintiff.

Phil L. Hansen, Atty. Gen., M. Reed Hunter, Asst. Atty. Gen., Salt Lake City, for defendant.

HENRIOD, Chief Justice:

Appeal from a Tax Commission decision that "step-children" were not "children" under Title 59–12–2, Utah Code Annotated, 1953, giving a $40,000 exemption where the surviving spouse "and/or *children* of the deceased" are involved. Affirmed, with no costs awarded.

The legislation is clear. It says "children," not "step-children." In re Walton's Estate[1] said "grandchildren" were not "children" under such a statute. We think that case is somewhat significant here, and affirm it. The complications of twisting the language to include any one but a natural or legally adopted child seem obvious. Otherwise, the words "cousin" or "mistress" might acquire added significance if either claimed his or her benefactor was a loco "parentis."

This is a matter for the legislator and his lexicographer,—not us.

CROCKETT and TUCKETT, JJ., and PARLEY E. NORSETH, District Judge, concur.

CALLISTER, J., does not participate herein.

1. 115 Utah 160, 203 P.2d 393 (1949).